SCHLUTER, DEMANDANTE Y APELADO, *v.* FERNÁNDEZ, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en pleito sobre cobro de dinero.

No. 2454.—Resuelto en marzo 6, 1922.

COMPRAVENTA MERCANTIL—DAÑOS O MENOSCABO DE LAS MERCADERÍAS VENDIDAS.—
Vendidos por la demandante al demandado varios tercios de jamones, el
comprador se hizo cargo de la mercancía y procedió a su reventa. Reali-
zados estos actos, encontró que muchos de los jamones estaban podridos y
basándose en ello se negó a pagar dentro del plazo estipulado el precio de
la mercancía. Se demostró que al vendedor no le constaba que los jamo-
nes en el acto de la venta estuvieran podridos, si es que lo estaban, sabiendo
únicamente que eran viejos, hecho que fué tomado en consideración para
fijar el precio. El comprador, según propia confesión se aprovechó por lo
menos de un veinte por ciento de los jamones. Bajo esas circunstancias
*se resolvió:* que no erró la corte de distrito al aplicar a este caso el ar-
tículo 333 del Código de Comercio y al declarar en su consecuencia la de-
manda con lugar.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. J. Sifre, Jr.*

Abogado del apelante: *Sr. D. Monserrat, Jr.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Versa este pleito sobre cobro de dinero procedente de la
venta de once tercios de jamones. Ambas partes son comer-
ciantes de la plaza de San Juan, P. R., y la sentencia se dictó
en contra del demandado, que estableció el presente recurso
de apelación señalando la comisión de cinco errores, a saber:

"1º. La corte inferior cometió error al no declarar, de acuerdo
con la prueba practicada en el juicio, que el demandante vendió al
demandado once tercios de jamones frescos, en buen estado y de
buena calidad.

"2º. La corte inferior cometió error al declarar que de acuerdo
con la prueba practicada en el juicio, no se había probado que los
jamones estuvieran en mal estado antes o en el momento de la venta.

"3º. La corte inferior cometió error al no declarar de acuerdo
con la prueba practicada, que el demandante al hacer la venta de

referencia sabía y le constaba que dichos jamones estaban en malas condiciones y que no eran frescos.

"4°. La corte inferior cometió error al no aplicar al presente caso lo dispuesto en el artículo 434 del Código de Comercio.

"5°. Y por último la corte inferior cometió error al declarar válido y existente un contrato nulo por ser contrario al orden público."

1. Los tres primeros errores se refieren a la apreciación de las pruebas por parte de la corte sentenciadora. Esta se expresó así:

"Un examen de toda la evidencia nos conduce a estimar probados los siguientes hechos:

"Demandante y demandado son comerciantes establecidos en esta ciudad. El día 28 de mayo de 1919 hicieron un contrato de compra y venta mercantil; el demandado, movido por oferta de la demandante suscribió una factura en cuya virtud compró a la demandante once tercios de jamones, a veinticinco dollars quintal y un precio total para los once tercios, de $1,079.50.

"Al firmar la factura supo el comprador que la mercancía estaba en el almacén de la vendedora y a petición suya fué dejada allí a su disposición y por su cuenta. El comprador extrajo la mercancía de dicho almacén entre los días 4 y 8 de junio de 1919 y la depositó, parte en su propia oficina y parte en el almacén de Luiña, Murias & Compañía.

"El día 3 de ese mismo més y año la demandante giró contra el demandado por el importe total del precio de la venta, el cual giro fué aceptado por el demandado, comprometiéndose a pagarlo el veintiocho de·junio de dicho año.

"Luego los jamones resultaron averiados. Con fecha 17 de junio 1919, el demandado escribió una carta a la demandante participándole que los jamones estaban en mal estado y que sus clientes se los devolvían.

"El demandado declaró que dos días después de la compra, realizó algunas reventas; que no recibió quejas de sus clientes hasta después de haber extraído toda la mercancía del almacén de la demandante y que tan pronto recibió esas quejas, notificó personalmente a la demandante y luego lo hizo por escrito.

"En una carta 19 de junio 1919, presentada en evidencia por el demandado, replica éste a la demandante que él no compró los jamones para acelerar su venta y que no podría recibir en cortos días

las quejas de sus clientes.   Es evidente que si hubo alguna notificación personal de las averías ocurrió poco antes del referido día 17, en que se hizo la primera notificación por escrito.   Fué, pues, alrededor del día 17 de junio de 1919, cuando las averías fueron descubiertas por el demandado.

"A partir de dicho día se cruzan las partes varias cartas sobre el asunto y llegando el vencimiento del giro, el demandado se negó a pagar, y todavía no ha pagado su importe.

    \*   \*   \*   \*   \*   \*   \*

"El demandado alega, en su contestación, que al tiempo de la entrega ya estaban los jamones en mal estado y este hecho le constaba a la demandante y, no obstante, ello, a sabiendas, y con el único fin de engañar y defraudar al demandado, se los entregaron como jamones frescos y de buena calidad.   Examinada la prueba no aparece ninguna tendente a probar esta alegación.

"Lo único que se ha demostrado es que esa partida de jamones había sido consignada por la casa embarcadora para la mercantil Forteza Hermanos, de Vega Baja, la cual rehusó aceptarla por haber llegado fuera del tiempo convenido.   Existe también una carta de la demandante en la cual admite que los jamones no eran frescos; pero todos los testigos de la demandante afirman que estaban en buenas condiciones y que sólo hacía diez o doce días que habían llegado de New York.

"La corte no puede darle a la palabra 'frescos,' en el sentido negativo en que la usa la demandante, más alcance que el de su significación ordinaria y corriente; es decir, que los jamones no eran de reciente fabricación, lo cual en ninguna forma implica que estuviesen en mal estado.

"No se ha demostrado que los jamones estuvieran en mal estado antes o en el momento de la venta, ni que en los menoscabos sobrevenidos interviniera dolo o negligencia por parte de la demandante.

"Tampoco se ha demostrado que las averías ocurrieran durante el corto tiempo que los jamones estuvieran depositados en el almacén de la demandante, una vez efectuada la venta, ni que dichas averías se produjeran por malicia o negligencia de la demandante, en el cumplimiento de sus obligaciones como depositario."

Hemos examinado cuidadosamente las pruebas practicadas y aunque el caso a veces parece dudoso, no estamos en condiciones de afirmar que la corte sentenciadora errara al

decidirlo en contra del demandado. Además, la posición asumida por el demandado al negarse a pagar en su totalidad el precio de los jamones es inconsistente con su propia prueba. Analizando su declaración y aceptando sus propias manifestaciones como la verdad en el caso, se concluye que los jamones no sólo le fueron vendidos y dejados a su disposición en el lugar y tiempo convenidos, sino que se le entregaron habiendo él dispuesto de ellos y habiéndose aprovechado de un veinte o un veinticinco por ciento de los mismos.

2. El artículo del Código de Comercio a que se refiere el apelante en su cuarto señalamiento de error, no es el 434, sino el 342, que dice así:

"Art. 342.—El comprador que no haya hecho reclamación alguna fundada en los vicios internos de la cosa vendida, dentro de los treinta días siguientes a su entrega, perderá toda acción y derecho a repetir por esta causa contra el vendedor."

Las partes no citan ni hemos podido encontrar nosotros jurisprudencia concreta interpretativa del anterior precepto legal, pero claramente se deduce que aquí no se trataba de defectos internos. Si los jamones estaban podridos, el olor mismo y su apariencia externa hubieran denunciado su estado de descomposición. Pero de todos modos aunque el hecho de haberse vendido los jamones en tercios de madera y cada jamón en sí cubierto de tela, permitiera aplicar el artículo de que se trata, es lo cierto que, como sostiene en su alegato el apelado, el demandado no hizo nunca una reclamación concreta y formal y procedió a revender los jamones como suyos.

3. No hay base para poder sostener que exista el quinto error. Sería necesario declarar probado que a sabiendas y con el propósito de defraudar al demandado, el demandante le vendió podrida la mercancía de que se trata. Es evidente que el demandante sabía que los jamones eran viejos, pero esto no quiere decir que supiera que estaban podridos. Tal

circunstancia se apreció para bajar unos seis dólares en el precio corriente de cada quintal.

En resumen, tal como fué planteada la cuestión ante la corte de distrito, creemos que fué debidamente resuelta, no incurriendo en error dicha corte al aplicar como aplicó el artículo 333 del Código de Comercio, que dice así:

"Los daños y menoscabos que sobrevinieren a las mercaderías, perfecto el contrato y teniendo el vendedor los efectos a disposición del comprador en el lugar y tiempo convenidos, serán de cuenta del comprador, excepto en los casos de dolo o negligencia del vendedor."

Procede, en tal virtud, la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.